UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN            C L O S E D
SOUTHERN DIVISION

RENARLDO GARRISON, #683566,

    Plaintiff,

v.                                                  Case Number: 09-cv-13978
                                                 Honorable Anna Diggs Taylor

HON. MICHAEL HATHAWAY,

    Defendant.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

    Plaintiff Renarldo Garrison, a state inmate currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983. In his *pro se* pleadings, Plaintiff alleges that his "charge[s] don't conform to the State of Michigan Constitution." *See* II. Statement of Facts. Plaintiff names The Honorable Michael Hathaway as the Defendant. Plaintiff is seeking monetary damages. Having reviewed Plaintiff's complaint, the Court will dismiss it on the basis of judicial immunity. The Court also finds that an appeal cannot be taken in good faith.

I.

A.

    Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. §1915(e)(2) states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or

>> (B) the action or appeal–
>>
>>> (i) is frivolous or malicious;
>>> (ii) fails to state a claim on which relief may be granted; or
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(a) and (e)(2). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

### B.

The Court finds that Defendant Judge Michael Hathaway is entitled to absolute immunity in this case. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (*per curiam*) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996) (citing *Mireles*, 502 U.S. at 9); *see also Kipen v. Lawson*, 57 Fed.App'x. 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F.Supp. 2d 439, 446-47 (E.D. Mich. 2006) (judges are entitled to absolute judicial immunity).

The Sixth Circuit has described the immunity from suit enjoyed by judges as follows:

> "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. The Supreme Court explained: "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication . . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability."

*Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001) (citations omitted).

Plaintiff's challenge to the proceedings involve the performance of judicial duties by Defendant Judge Michael Hathaway. For the reasons stated, Defendant Judge Michael Hathaway is absolutely immune from suit for such conduct and the claim against him must be dismissed on that basis.

II.

For the reasons stated, **IT IS ORDERED** that the claim against The Honorable Michael Hathaway is **DISMISSED WITH PREJUDICE** on the basis of judicial immunity. Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore*, 114 F.3d at 610-11.

DATED: October 19, 2009                               **s/Anna Diggs Taylor**
                                                      ANNA DIGGS TAYLOR
                                                      UNITED STATES DISTRICT JUDGE

3

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing Order of Dismissal was served upon Petitioner by First Class U.S. mail on October 19, 2009.

Renarldo Garrison, #683566
St. Louis Correctional Facility
8585 N. Croswell Road
St. Louis, MI 48880                              s/Johnetta M. Curry-Williams
                                                                      Case Manager